## Bertha GIPSON, Petitioner,

v.

## DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 01–4252.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.[*]

Bertha Gipson, a Kentucky citizen, moves for pauper status and petitions pro se for review of a decision of the Benefits Review Board affirming an administrative law judge's decision denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Gipson is the widow of a coal miner. The miner, who was born in 1919, applied for black lung benefits during his lifetime, but his claim was denied by an administrative law judge (ALJ), who found that the evidence established less than five years of coal mine employment and did not show that the miner suffered from pneumoconiosis. That denial was affirmed by the Benefits Review Board. The miner died in 1993, and Mrs. Gipson applied for survivor's benefits in 1998. The parties jointly agreed that a hearing would not be necessary, so an ALJ reviewed the case on the record, and denied the claim for benefits, adopting the findings of the previous ALJ and concluding that the new evidence did not establish that the miner had pneumoconiosis, that any pneumoconiosis arose out of his coal mine employment, or that his death was due to pneumoconiosis. The Benefits Review Board found that the record supported the ALJ's finding that the miner's death was not due to pneumoconiosis, and therefore there was no need to address the remaining elements of entitlement.

This appeal followed. Counsel for the respondent has pointed out that all of the

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

decisions below overlooked an X-ray reading for complicated pneumoconiosis. This is significant because, if complicated pneumoconiosis were established, Mrs. Gipson would be entitled to an irrebuttable presumption that the miner's death was due to pneumoconiosis. However, respondent argues that remand is unnecessary because the other evidence of record outweighs this X-ray reading of complicated pneumoconiosis.

■ This court reviews a decision in a black lung benefits case to determine whether it is supported by substantial evidence and consistent with the applicable law. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995). In this case, in order to be entitled to benefits, Mrs. Gipson needed to establish that the miner's death was due to pneumoconiosis. 20 C.F.R. § 718.205. This element of entitlement may be established either by showing that the death was directly caused by pneumoconiosis, that it hastened the miner's death and was therefore a substantial contributing cause, *Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir.1993), or by way of the irrebuttable presumption of death due to pneumoconiosis where a finding of complicated pneumoconiosis has been made. In this case, the death certificate indicated that the miner died from lung cancer, and made no mention of pneumoconiosis. There was no evidence that pneumoconiosis was the direct cause of death. The only other evidence relevant to the cause of death were the records of the miner's hospice care prior to his death, which also documented that he was being treated for cancer. There was no evidence that pneumoconiosis played a role in hastening the miner's death. Thus, only if complicated pneumoconiosis were established would Mrs. Gipson be entitled to benefits.

■ The respondent points out that an X-ray reading for complicated pneumoco-

niosis exists in the record that was not noted in any of the decisions below. However, respondent argues that a remand is not required because the result of a remand is foreordained and this evidence would not be sufficient to change the outcome of the case. *Youghiogheny & Ohio Coal Co.*, 49 F.3d at 249. The X-ray in question was from 1974. One physician interpreted it as showing both pneumoconiosis and complicated pneumoconiosis, but noted the findings could be due to pneumonia. The ALJ who originally discussed this evidence in denying the miner's claim discussed the positive reading for pneumoconiosis, but failed to note that complicated pneumoconiosis was also indicated. It was noted that two other physicians had read the film as indicative of pneumonia, and that it was taken during a hospitalization for pneumonia. Because even the physician who found it potentially positive noted that it could be pneumonia, rather than pneumoconiosis, the ALJ concluded that pneumoconiosis was not established by this evidence. Moreover, X-rays from 1980, 1984, and 1987 were not found positive for complicated pneumoconiosis. Because pneumoconiosis is a progressive and irreversible disease, *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 151, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), this evidence is inconsistent with the existence of complicated pneumoconiosis. A positive reading of an X-ray for complicated pneumoconiosis does not automatically trigger the irrebuttable presumption, because other evidence may show that the large opacities visible on the X-ray are not due to complicated pneumoconiosis, but to another disease. *Eastern Assoc. Coal Corp. v. Director, OWCP*, 220 F.3d 250, 256 (4th Cir. 2000); *Gray v. SLC Coal Co.*, 176 F.3d 382, 388 (6th Cir.1999). The original ALJ found that the other evidence, and even the physician who read the X-ray as positive, indicated that the X-ray reading was

actually due to pneumonia. There is no reason to believe that the interpretation of this evidence for the existence of complicated pneumoconiosis would differ from the original discussion of the existence of simple pneumoconiosis if the matter were remanded.

The claimant in a black lung case bears the burden of establishing entitlement to benefits by a preponderance of the evidence. *Mullins Coal Co.*, 484 U.S. at 158, 108 S.Ct. 427. Because the record supports the findings below that the miner's death was not directly caused or hastened by pneumoconiosis, and the preponderance of the evidence shows that the presumption of death due to pneumoconiosis would not be invoked were the case remanded, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for pauper status is granted for purposes of this review.